IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony A. Grier, #21027-058, ) | |
| ) | CIVIL ACTION NO. 9:11-0042-HFF-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Warden Mary Mitchell; Officer Turner, ) | |
| Dining Hill Facility Medical Facility; and ) | |
| NFN Rosario, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Plaintiff, an inmate with the Federal Bureau of Prisons (BOP), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a Rule 12 motion to dismiss the Complaint on June 6, 2011. As

---



[1] In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Nonetheless, Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).

the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 7, 2011, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in opposition to the Defendants' motion on July 11, 2011.

Defendants' motion is now before the Court for disposition.[2]

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, Plaintiff alleges in his verified Complaint that he is an inmate at the Federal

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



Correctional Institution located in Edgefield, South Carolina (FCI Edgefield). Plaintiff alleges that he is an amputee with only one leg, and that on or about April 22, 2009, while getting coffee out of a machine, he slipped and fell on the wet floor at the chow hall. Plaintiff alleges that there were no signs indicating the floors were wet, and that he was confined to a wheelchair for ninety (90) days as a result of injuries from this fall, including lower back pain. Plaintiff also alleges that he was denied proper pain medication, and continues to suffer complications as a result of this accident. Plaintiff alleges he filed a grievance about not receiving any medication for his pain, but that the prescribed medication had been discontinued (although Plaintiff also alleges that he had taken it for two years). Plaintiff alleges that the Defendants have violated his constitutional rights, and seeks certain medical and other relief, as well as monetary damages. See generally, Verified Complaint.

      Defendants argue that this case is subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit, and after careful review of the pleadings and filings in this case, the undersigned is constrained to agree. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he



3

must first have exhausted the administrative remedies that were available to him at the prison.³

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies.  See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007).  The Defendants have of course asserted this defense in their motion, and argue in their brief that the complaint must be dismissed because Plaintiff "admits that he has not exhausted his administrative remedies" and "offers no excuse for his failure" to do so.  While the Defendants have submitted no evidence (such as an affidavit from an appropriate official with the prison or documents) to support their motion,⁴ it is noted that Plaintiff himself concedes in his Verified Complaint that he did not file a grievance concerning his claim, and that he had not received any type of agency determination concerning this matter prior to filing this lawsuit.  See Complaint, § II.⁵  Instead, Plaintiff alleges in his Complaint

---

³This Court can take judicial notice from other cases filed in this Court that the Federal Bureau of Prisons has a three tiered administrative grievance process which consists of initially informally attempting to resolve the complaint at the institutional level, following which the inmate may file a formal written complaint with an appeal process culminating with the general counsel.  See 28 C.F.R. § § 542.10, et. seq.; see also Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

⁴Although this is a Motion to Dismiss, such evidence could have been considered.  See Spruill v. Gillis, 372 F.3d 218, 223 (3rd. Cir. 2004)[documents relating to issue of exhaustion may be considered when considering a motion to dismiss].  Therefore, in response to this Report and Recommendation, Defendants are directed to file an affidavit with the Court from an appropriate official with the BOP attesting to the fact that Plaintiff did not file and/or exhaust a grievance with respect to his claims.  Defendants are further placed on notice that, if they fail to do so, the District Judge in his discretion may decline to accept the recommendation set forth herein, notwithstanding Plaintiff's admission in his filings that he did not exhaust his administrative remedies.

⁵Although affirmatively stating in the appropriate section of his Compliant that he did not pursue administrative remedies with respect to his claims, Plaintiff does separately reference in the
(continued...)



that relief under § 1983[6] "may not be defeated because of failure to exhaust administrative remedies . . . ." Complaint, p. 3. Plaintiff also does not dispute in his response filed in opposition to the Defendants' motion that he did not pursue his administrative remedies prior to filing this lawsuit, again arguing that claims brought under § 1983 do not require exhaustion, and that the Defendants' theory that Plaintiff had to exhaust his remedies is "far fetch[ed]". See Plaintiff's Response Memorandum, at pp. 6-7.

Plaintiff is of course incorrect in his assessment of the state of the law with respect to exhaustion. Jones, 549 U.S. at 211 (2007)["Exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and . . . unexhausted claims cannot be brought in Court"]. Plaintiff's argument that he was not required to exhaust his remedies is simply without merit. House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]. Further, based on the foregoing, the fact that Plaintiff did not exhaust his available prison remedies prior to filing this lawsuit is not in dispute for purposes of Defendants' motion. Therefore, the Defendants are entitled to dismissal of this case. See Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must pursue the administrative remedy or be precluded from seeking relief in the courts"]; Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court-or any other to

---

[5](...continued)
narrative of his Complaint having filed a "grievance" over some medications, but offers no further information on that alleged filing.

[6] As noted, this is actually a Bivens claim. See n. 1, supra.



excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies].

### Conclusion

Based on the arguments and filings presented, it is recommended that the Defendants' motion be **granted,** and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 21, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 835
>Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

