1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Tony A. Grier, | ) | |
| | ) | C/A No. 9:11–0042-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Warden Mary Mitchell; | ) | |
| Officer Turner; and NFN Rosario, | ) | |
| | ) | |
| Defendants. | ) | |

Tony A. Grier ("Plaintiff"), a federal prisoner proceeding pro se, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings. On July 21, 2011, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the Defendants' Motion to Dismiss (Dkt. # 21) be granted and this case dismissed without prejudice for failure of the Plaintiff to exhaust his administrative remedies. (Dkt. # 26).   The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  (Dkt. # 26 at 7).  Plaintiff filed objections to the Report on August 5, 2011.[1]  (Dkt. # 29).

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight. The responsibility to make a final determination remains with this

---

[1]Plaintiff's objections were docketed as a reply to the Report.

court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In their Motion to Dismiss, the Defendants argued that Plaintiff failed to exhaust his administrative remedies prior to filing this action. The Magistrate Judge agreed and recommended dismissal of the Plaintiff's claims for failure to exhaust his administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"), prisoners must exhaust "such administrative remedies as are available" *prior* to filing suit in federal court challenging prison conditions. *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008) (emphasis added) (quoting 42 U.S.C. § 1997e(a)). "[T]he PLRA's exhaustion requirement is mandatory," *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir.2005), and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516 (2002). Furthermore, pursuant to § 1997e(a), the exhaustion requirement is applicable to *Bivens* claims. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007).

Plaintiff acknowledges that he has not exhausted his administrative remedies. Plaintiff instead now seeks a leave of four months so he can exhaust his administrative remedies. (Dkt. # 29- Plaintiff's Obj. at 1.) However, as stated above, exhaustion is a precondition to filing suit in federal court. *See Moore*, 517 F.3d at 725 ("prisoners must exhaust . . . *prior* to filing suit in federal court") (emphasis added). Accordingly, courts have held that "prisoner[s], therefore, may not exhaust administrative remedies during the pendency of the federal suit." *Green v. Rubenstein*, 644 F.Supp.2d 723, 743 (S.D.W.Va.2009) (*quoting Freeman v. Francis*, 196 F.3d

641, 645 (6th Cir.1999)); *see also Johnson v. Ozmint*, 567 F.Supp.2d 806, 815 (D.S.C.2008) (similar holding).   To permit exhaustion during the pendency of litigation would turn the exhaustion requirement on its head.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation (Dkt. # 26) and incorporates it herein.   It is therefore **ORDERED** that the Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
November 1, 2011

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.